IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANEEF SAKIN NELSON : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 21-2807 |
| UNITED STATES CORPORATION, ET AL. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                     **DECEMBER 15, 2023**

Presently before the Court are three motions to dismiss Plaintiff's Amended Complaint filed by Defendants United States (ECF No. 14), City of Philadelphia ("Philadelphia") (ECF No. 16), Queen Village Home Rescue LLC ("Queen Village"), Joseph Smith ("Smith"), and Richard Vanderslice ("Vanderslice") (collectively "Queen Village Defendants") (ECF No. 17), (collectively "Defendants"). For the following reasons, Defendants' Motions will be granted, and Plaintiff's Amended Complaint will be dismissed with prejudice.

**I.  BACKGROUND**

Plaintiff Haneef Sakin Nelson ("Plaintiff"), proceeding *pro se*, challenges an ejection action filed against him in the Court of Common Pleas of Philadelphia County. (Phila. Mot., ECF No. 16, at 3 (ECF pagination); Am. Compl., ECF No. 10, at 7; Compl., ECF No 1, at 2, 4.) Plaintiff has sued three governmental entities (the United States, the State of Pennsylvania ("Pennsylvania"), and Philadelphia), a limited liability corporation (Queen Village), and two individuals associated with Queen Village (Vanderslice and Smith). (Am. Compl. at 1-3.)

Queen Village claimed that it was the lawful title holder of real property located at 935 South Third Street, Philadelphia, Pennsylvania, and that Plaintiff and others occupied the

premises without the legal right to possession of the property.  (Phila. Mot. at 3; Compl. – Ejection, ECF No. 16-1, at 4-5 (ECF pagination.))  Queen Village filed a Complaint in Ejectment in the Court of Common Pleas of Philadelphia County.  The court entered an order allowing Queen Village to file for a Writ of Possession, which was issued on June 11, 2021.  (Compl. – Ejection at 4-5; Order, ECF No. 16-3, at 2 (ECF pagination); Phila. Mot. at 3.)

Plaintiff alleges that Vanderslice, Smith, and unknown agents of Queen Village "have conspired and trespassed under color of law, by way of fictitious conveyance of language, colorable title deed[,] and alleged ownership to real property."  (Am. Compl. at 6.)  He asserts that Queen Village "is a recipient of [a] colorable and imperfect deed" to this property, which was used to "unlawfully seize private property."  (*Id*. at 7-8.)

Plaintiff contends that the Queen Village Defendants conspired with employees of "the City of Philadelphia Police Department, Records Department, State of Pennsylvania Court of Common Pleas, and United States" to "commit the trespass, wrongful actions[,] and deprivations of Claimant[']s rights, liberties, and freedom."  (*Id*. at 6.)  Vanderslice and Smith were authorized to trespass upon Plaintiff's property by virtue of "fictious conveyances, color of title deeds, [and] false ownership documentation" filed with courts in Pennsylvania and obtained permission from Philadelphia's police department.  (*Id*. at 7.)  Plaintiff alleges that all Defendants "have a good faith duty of care" with respect to "negligence, trespass, treason, [and] dishonest business practices" and violated the U.S. Constitution.  (*Id*. at 5.)  He asserts that all Defendants are "parties to this conspiracy" and have "committed trespass."  (*Id*. at 8.)

Plaintiff has pled three causes of action.  However, he does not identify the specific provisions that Defendants have allegedly violated.  He alleges that the governmental defendants "maintain[ed] a pattern and regular practice of depriving liberty and property, and causing

damage without probable cause or proper foundation," (*Id*. at 9), and failed to train their employees, especially police officers and municipal judges in Philadelphia, regarding "privacy and private rights" protected by the Constitution. (*Id*. at 10.) He also alleges that all Defendants, but "especially" Smith and Vanderslice, deprived him "of his rights, liberty, and freedom from unprovoked attacks, unlawful seizure, trespass, denial of effective assistance of counsel" and other constitutional violations. (*Id*. at 10.) In addition to monetary relief, Plaintiff seeks a permanent injunction restraining all Defendants "and any other fictious person from trespassing on private land/buildings located at [935] South Third Street[,] Philadelphia, Pennsylvania." (*Id*. at 12.)

All Defendants besides Pennsylvania have appeared and filed motions to dismiss the Amended Complaint. (ECF Nos. 14, 16, 17.)

## II. LEGAL STANDARD

In order to adjudicate a case, a federal court must have subject matter jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). A court must grant a motion to dismiss if it lacks subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1). The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a factual or facial attack. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). On a factual attack, the "court may weigh and 'consider evidence outside the pleadings.'" *Const.*

*Party of Pennsylvania*, 757 F.3d at 358 (quoting *Gould Elecs. Inc v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).  A facial challenge "contests the sufficiency of the pleadings" and the court "'must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'"  *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elec. Inc.*, 220 F.3d at 176).

**III.    DISCUSSION**

Defendants' Motions will be granted because, under the *Rooker-Feldman* doctrine, we do not have jurisdiction to adjudicate the dispute.  Courts may raise an issue regarding subject-matter jurisdiction *sua sponte*.  *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).  Because this case involves a factual attack on our jurisdiction, we may consider documents from the state-court proceeding that were filed as exhibits to Philadelphia's Motion. *See Const. Party of Pennsylvania*, 757 F.3d at 358.

The Defendants articulated different arguments in support of their Motions and different bases to dismiss the Amended Complaint.  The United States seeks to dismiss the Amended Complaint for failure to state a claim and argues that Plaintiff has not alleged any facts to support an inference that the United States was a party to a conspiracy to trespass and violate Plaintiff's right to property.  (U.S. Mot., ECF No. 14-1, at 2-4 (ECF pagination).)  Philadelphia contends that the Amended Complaint should be dismissed for lack of subject-matter jurisdiction or failure to state a claim.  (Phila. Mot. at 5-9).  In particular, Philadelphia argues that the *Rooker-Feldman* doctrine prohibits us from exercising appellate jurisdiction over a final state-court decision because Plaintiff challenges a state-court ejection action, and that even if the court had subject matter jurisdiction, Plaintiff has not stated claims under 42 U.S.C. §§ 1983 or 1985.  (*Id.*) The Queen Village Defendants seek the dismissal of the Amended Complaint for insufficient

service of process and claim that the *Rooker-Feldman* doctrine bars us from adjudicating the claims.[1]  (Queen Village Defs. Mot., ECF No. 17, at 8-13).  Plaintiff did not file an opposition to any of the motions.

Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to hear claims in which "a federal [law]suit follows a state law[suit]" when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment." *Great W. Mining & Min. Co.*, 615 F.3d at 170 (citations omitted).

"The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* at 166.  In particular, this doctrine concerns injuries "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167 (quoting *Hoblock v. Albany Cnty. Bd. of Elec.*, 422 F.3d 77, 88 (2d Cir. 2005) (holding that the second requirement was met when a government body acted "under compulsion of a state-court order" and the "state-court judgment produced . . . the very injury of which the [litigants] complain")).  This doctrine does not bar federal courts from hearing claims that are "independent" of the state-court judgment and stem from "other sources of injury, such

---

[1] The Queen Village Defendants assert a 12(b)(6) challenge to Plaintiff's Amended Complaint based on the *Rooker-Feldman* doctrine, but this doctrine is properly asserted as a 12(b)(1) challenge.  *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).

as a third party's action." *Id*. (citing *McCormick v. Barverman*, 451 F.3d 382, 392 (6th Cir. 2010) (holding that a claim that a party engaged in fraud and misrepresentation in a state-court proceeding was independent of an injury caused by the state-court judgment)). "[W]hether the injury complained of in federal court existed prior to the state-court proceedings" is a "useful guidepost" to determine whether the injury was caused by the state-court proceeding. *Id*.

Courts have routinely held that federal actions challenging ejection proceedings or foreclosure actions in state court, including the enforcement of a writ of possession issued by a state court, are barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005); *Robinson v. Porges*, No. 07-1390, 2010 WL 356455, at *4-5 (E.D. Pa. Jan. 29, 2010); *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962, at *3-5 (E.D. Pa. July 23, 2008); *Teed v. Hilltown Twp.*, No. 03-6040, 2004 WL 1149486, at *4 (E.D. Pa. May 20, 2004).

Similar to the instant case, in *Robinson v. Porges*, the plaintiff alleged that a state-court ejection action was based on invalid conveyances and was erroneously entered against him. 2010 WL 356455, at *4. In an action filed in federal court after the state-court proceeding, he alleged federal civil rights violations, including due process, equal protection, and privacy, and conspiracy to violate civil rights. *Id*. The district court concluded that the alleged injuries in the federal suit were caused by the state-court judgment and that ruling for the plaintiff would require the court to reject the conclusion of the state court that the plaintiff was not the rightful owner of the property and that he could be ejected from it. *Id*. at *4-5; *see also Teed*, 2004 WL 1149486, at *4 (dismissing claim for lack of subject-matter jurisdiction because "[s]hould [the plaintiff] prevail on this claim, the decisions of the Court of Common Pleas and the Commonwealth Court . . . would be effectively voided"). The court held that it lacked

jurisdiction to entertain the claims as a result. *Robinson*, 2010 WL 356455, at *5.

The same conclusion is warranted in this case with respect to all three of Plaintiff's claims. First, the state court ruled against Plaintiff in concluding that he does not have a legal right to the property in dispute and issuing a writ of possession. (Order; Phila. Mot. at 3.) Second, Plaintiff's alleged injuries were caused by the state-court judgment because the state court ruling authorized Plaintiff to be ejected from the property, and he has not asserted injuries that are independent of, or not produced by, the state-court judgment. *See Great W. Mining & Min. Co.*, 615 F.3d at 167. Third, the writ of possession was entered before Plaintiff initiated this action in federal court. (Phila. Mot. at 3.) Finally, ruling for Plaintiff would require us to effectively void the decision of the Court of Common Pleas of Philadelphia County. *See Teed*, 2004 WL 1149486, at *4. For example, Plaintiff seeks a permanent injunction prohibiting all Defendants from trespassing on the property at issue in this action. (Am. Compl. at 12 ¶ f.). Enjoining Defendants would require us to reverse the state-court judgment, which issued a writ of possession allowing the Queen Village Defendants to evict Plaintiff. *See Great W. Mining & Min. Co.*, 615 F.3d at 169, 172; *see also In re Knapper*, 407 F.3d at 581 (holding that a plaintiff's federal claim was barred by *Rooker-Feldman* when the plaintiff "can only prevail if a federal court concludes that the state courts' default judgments were improperly obtained" and "negate[s] the state court's judgment."). Accordingly, Defendants' Motions to Dismiss for lack of subject matter jurisdiction will be granted.[2]

In addition, Pennsylvania has not appeared, and the *Rooker-Feldman* doctrine applies

---

[2] Because we grant the three pending motions pursuant to Fed. R. Civ. P. 12(b)(1), we do not address the Defendants' remaining arguments with respect to Fed. R. Civ. 12(b)(5) or 12(b)(6).

with equal force to the claims against the state.[3]  As a result, we *sua sponte* dismiss the claims against Pennsylvania for lack of subject matter jurisdiction.  *See, e.g.*, *Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996) ("Since the *Rooker-Feldman* doctrine is about whether inferior federal courts have the *authority* (i.e., subject matter jurisdiction) to hear a given case, it can be raised at any time, by either party, or *sua sponte* by the court."); *Banks v. US Bank Trust Ass'n as trustee of Am. Homeowner Pres. Tr. Series 2014B*, No. 20-1437, 2021 WL 2419509, at *4 (E.D. Wis. June 14, 2021) (dismissing *sue sponte* claims of defendants who have not appeared or filed any responsive pleading for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine); *Pacific Cmty. Res. Ctr. v. City of Glendale, Oregon*, No. 17-66, 2017 WL 3319373, at *1 (D. Or. Aug. 3, 2017) ("Because the *Rooker-Feldman* doctrine applies equally to the claims asserted against the remaining defendants who have not yet been served or appeared, all remaining claims are dismissed *sua sponte*."); *see also* Fed. R. Civ. P. 12(h)(3).  Accordingly, Plaintiff's Amended Complaint will be dismissed with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions are granted, and Plaintiff's Amended Complaint is dismissed with prejudice.  An appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
R. BARCLAY SURRICK, J.

---

[3] Pennsylvania could raise an additional jurisdictional defect and argue that under the Eleventh Amendment it is barred from suit and that it has not waived immunity in this case.  *See Fake v. Pennsylvania*, 758 F. App'x 307, 309 (3d Cir. 2018); *McCullers v. Commonwealth of Pennsylvania*, No. 15-3732, 2016 WL 3551624, at *10-11 (E.D. Pa. June 30, 2016).  We will not address this basis because Pennsylvania has not appeared and has not articulated this argument.